UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE CLENDENEN, | Case No.  2:25-cv-3655-JDP |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

Plaintiff Brooke Clendenen brings this Federal Torts Claims Act ("FTCA") action against United States of America and Vista Recreation.  Pending before the court are defendants' motions to dismiss, ECF Nos. 12 & 15, and plaintiff's motion to stay adjudication of the motions to dismiss, ECF No. 26.  For the reasons stated below, the motions to dismiss are granted, and the motion to stay is denied.

**Background**

On December 2, 2024, plaintiff fell and injured herself on a walkway at Inspiration Point located near Emerald Bay in South Lake Tahoe.  ECF No. 1 at 4.  Plaintiff alleges that defendants the United States and Vista Recreation, a contractor of the United States, are the possessors, controllers, managers, operators, designers, maintainers, inspectors, supervisors, and/or owners of the walkway.  ECF No. 1 at 3.  Specifically, plaintiff alleges that defendants negligently designed,

1

built, and maintained the premises, and that the dangerous and negligent condition of the walkway caused her injury.  ECF No. 1 at 4.

This case, however, is not plaintiff's first or even second case concerning her December fall.  Plaintiff has filed three actions in this district alleging that her fall was caused by defendants' negligence.  Plaintiff filed her first case on October 13, 2025 (2:25-cv-2971-DAD-CSK) ("*Clendenen I*").  Prior to filing that action, plaintiff was under the mistaken belief that she had exhausted her administrative remedies under 28 U.S.C. § 2675(a).  However, on October 23, 2025, plaintiff's counsel received a letter from the U.S. Department of Agriculture ("USDA") stating that plaintiff's administrative remedies were exhausted as of the letter's date.  ECF No. 22-1 at 21-22.  Understanding that she had not exhausted her administrative remedies prior to filing *Clendenen I*, plaintiff voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *Clendenen I*, ECF No. 7.

Plaintiff filed another case on October 27, 2025 (2:25-cv-3109-DC-CSK) ("*Clendenen II*"), alleging the same claims as in *Clendenen I*.  On December 2, 2025, plaintiff received another letter from the USDA denying plaintiff's claim.  ECF No. 22-1 at 24.  Fearing the same issue as *Clendenen I*, plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *Clendenen II*, ECF No. 8.  *Clendenen II* closed on December 19, 2025, without prejudice.

Plaintiff filed this action on December 18, 2025, alleging the same claims as *Clendenen I* and *Clendenen II*.  Defendants have filed separate motions to dismiss, arguing that the "two-dismissal rule" bars plaintiff from bringing this action.  After defendants filed their respective motions to dismiss, plaintiff filed (1) a motion to reopen or change the dismissal in *Clendenen II* and (2) a motion to stay ruling on the motions to dismiss in this case until Judge Coggins rules on the motion in *Clendenen II*.

## Motion to Stay

Plaintiff seeks a motion to stay ruling on defendants' motions to dismiss pending a ruling from Judge Coggins on plaintiff's motion to reopen in *Clendenen II*.  ECF No. 26 at 2.  Plaintiff argues that this court has inherent authority to stay proceedings, and that a stay is appropriate

while there is a pending motion in *Clendenen II*. In response, defendants argue that the two-dismissal rule acts as a procedural bar and asks that this action be dismissed.

A district court has inherent authority to stay proceedings. *Landis v. North American Company*, 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* A court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). This rule applies "whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-64.

In determining the propriety of a *Landis* stay, courts weigh three non-exclusive factors: (1) the possible damage to the nonmoving party that may result from granting a stay; (2) the hardship or inequity to the moving party if required to go forward; and (3) the orderly course of justice, measured in terms of whether a stay could be expected to simplify or complicate the issues, proof, or questions of law in a case. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The proponent of a *Landis* stay bears the burden of showing that the circumstances justify the court's exercise of its discretion. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Where the nonmoving party shows a fair possibility of prejudice, the moving party "must make out a clear case of hardship or inequity" in being required to go forward. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).

Before considering the motion to stay, the court finds it necessary to discuss the "two-dismissal" rule. Generally, when a plaintiff voluntarily dismisses a case, it is "without prejudice." Fed. R. Civ. P. 41(a)(1)(B). The two-dismissal rule creates an exception: "[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* "There are four requirements that must be met to trigger the two-dismissal rule: (1) the plaintiff voluntarily dismissed an action

3

in either state or federal court, (2) thereafter the plaintiff voluntarily dismissed a second action pending in *federal* court, (3) the two dismissals concerned the same claim, and (4) the plaintiff seeks to raise the twice-dismissed claim again in federal court." *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685 (9th Cir. 2024) (citing *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[W]hether the second voluntary dismissal is subject to the two dismissal rule . . . is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed.")).

Here, the two-dismissal rule squarely applies. Plaintiff voluntarily dismissed two actions in federal court concerning the same claim (*Clendenen I & II*), and plaintiff is seeking to raise the twice-dismissed claim in this action. And plaintiff does not dispute that the instant lawsuit concerns the same claims as alleged in *Clendenen I & II.* Nor does plaintiff contest that her two voluntary dismissals implicate the two-dismissal rule. Instead, she seeks a stay of adjudication of the motions to dismiss because she has filed a motion to change the dismissal in *Clendenen II* to a dismissal under Rule 41(a)(1)(A)(i) in an overt attempt to skirt the two-dismissal rule in this case. *Clendenen II*, ECF No. 13-1 at 1-2 (arguing that "an order to reopen and set aside the dismissal to obtain another dismissal pursuant to Rule 41(a)(2) is needed in this case so that the 'Two Dismissal Rule' does not apply to Plaintiff's claims and to avoid an injustice to the Plaintiff").

Returning to the motion to stay—plaintiff asks to stay resolution of the motions to dismiss so that she can avoid the two-dismissal rule by changing the type of dismissal in *Clendenen II*. Having thoroughly considered the *Landis* factors, the court finds that a stay is not appropriate. The court finds that there is no inequity towards plaintiff should the stay not be granted; plaintiff's counsel has simply failed to comply with a rule—notably, one cited by counsel in connection with both prior dismissals. It does not promote justice or efficiency to afford plaintiff a third bite at the apple here. And the court is unconvinced by plaintiff's argument that there is no risk of damage to defendants. Plaintiff argues that the stay should be brief and bounded. But

4

that argument rests on the proposition that the court will adjudicate plaintiff's motion quickly and in plaintiff's favor.[1]  Accordingly, the court will deny the motion to stay.

**Motions to Dismiss**

Because the court finds that the two-dismiss rule applies, both motions to dismiss are granted for the reasons stated above.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1.  Defendants' motions to dismiss, ECF Nos. 12 & 15, are GRANTED and the complaint is dismissed without leave to amend;

2.  Plaintiff's motion to stay adjudication of the motions to dismiss, ECF No. 26, is DENIED;

3.  The Clerk of Court is directed to enter judgment accordingly and close this action.

IT IS SO ORDERED.

Dated:    July 1, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] As the parties may be aware, the Eastern District is facing an extreme judicial emergency based on the enormous increase in immigration cases, exacerbating a pre-existing shortage of district judges.  *See* Judicial Emergency - New CAED; Chief Judge Nunley Warns of Cases Overwhelming the Eastern District - New CAED.  The court is working to resolve cases expeditiously, but the resolution of many civil motions has been delayed.

5